UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GUANGZHOU KOMASPEC MECHANICAL AND ELECTRICAL PRODUCTS MANUFACTURING CO. LTD., | : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A. No. _____ |
| FORGE LLC, | : : | |
| Defendant. | : | |

## VERIFIED COMPLAINT

### Introduction

1. Plaintiff is a manufacturer of metal products that has been selling goods to Defendant since 2011. Plaintiff and Defendant are collectively referred to below as a "Party, and collectively as the "Parties." Defendant has failed to pay Plaintiff for goods and products delivered pursuant to agreed upon purchase orders. As a result of Defendant's refusal to pay Plaintiff, Plaintiff has filed this action to obtain payment in full, plus agreed upon interest.

### Parties

2. Plaintiff Guangzhou Komaspec Mechanical and Electrical Products Manufacturing Co. Ltd. ("Komaspec") is an entity formed under the laws of a foreign nation, China, with a principal place of business located at Clifford (Huashan) Industrial City, No. 288 A1, A7 and A8 Ju Huashi Boulevard, Huashan Town – Huadu District, Guangzhou, China 510880.

3. Defendant Forge LLC ("Forge") is an entity formed under the laws of Rhode Island with a principal place of business located at 879 Hopkins Hill Road, West Greenwich, Rhode Island 02817.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(2) because there is diversity of citizenship between Plaintiff and Defendant, and this is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Court also has jurisdiction pursuant to 28 U.S.C. § 2201.

5.  Venue is proper in this Court pursuant to 28 U.S.C. 1391(a) because Defendant resides in this judicial district and because the goods sold were delivered in this judicial district.

**Facts**

**A.  General Handling of Transactions Between the Parties**

6.  Komaspec is a manufacturer of metal products that has been selling goods to Forge since 2011.

7.  On any given transaction, Forge identifies the requested product and issues a Purchase Order ("PO") to Komaspec for that product.

8.  Each PO is generated by Forge with the amount of product and the ultimate price to be paid for that product.

9.  The price indicated on each Forge-generated PO is based upon the last agreed upon price between the Parties for that product.

10.  In those instances where the price listed on the PO is acceptable, Komaspec will countersign the PO and begin processing the order.

11.  However, if Komaspec does not agree the price is sufficient, it does not sign the PO, but instead, it will contact Forge to request an agreed upon price increase.

12.  Similarly, if Forge issues the PO and believes the most recent agreed upon pricing is too high, Forge has the opportunity to request an agreed upon price decrease at that time, and it did so on numerous occasions.

13.  Once an agreeable price is reached between the Parties through negotiation, Komaspec issues an invoice reflecting the agreed upon product quantity, price, and terms of the purchase.

14.  From 2011 to 2016, the Parties adjusted the price of goods based upon currency and cost of material fluctuations.

**B.  Agreement to Adjustment of Pricing and Implementation of Interest**

15.  In 2016, Forge complained that the price adjustments were too high.

16. Accordingly, in January 2016, despite Komaspec demonstrating that the past changes actually favored Forge, the Parties agreed to a pricing formula under which the price of Komaspec's goods to Forge would be adjusted from time to time if there were any major fluctuations in currency value or raw materials costs.

17. The Parties used the formula as a guideline, but neither party required strict adherence, instead following the above-referenced procedure if either party believed a price increase or decrease was appropriate for a particular transaction.

18. During the course of the Parties' relationship, Forge routinely failed to timely pay Komaspec's invoices when due, which, in 2016, prompted the implementation of a an agreed upon interest rate to be applied against past due payments (the "2016 Agreement").

19. From 2016 to 2020, Komaspec and Forge followed their same course of conduct with Forge issuing a PO with a price based upon the Parties' last agreed price, the Parties negotiating price adjustments as necessary, and then Komaspec issuing an invoice reflecting the parties agreed upon terms, although Forge frequently paid late and incurred interest charges.

20. During this time period, Komaspec would update the product's price on the formula and Forge would issue purchase orders for any goods that they required.

**C.**     **Forge's Unsupported Claims of Overpayment and Unilateral Refusal to Pay**

21. In 2020, due to the COVID-19 pandemic, the market conditions changed dramatically, which negatively impacted Forge's cash flow, further delaying Forge's payment and increasing interest charges on late payments.

22. In 2021, Komaspec sought to change the price formula for future PO's in order to accurately reflect market conditions.

23. In response, Forge indicated that it refused to pay any interest on late payments starting in 2021 based upon its assertion, raised for the first time, that Forge had made approximately $71,996 in overpayments to Komaspec from 2018 to 2021.

24. Forge has asserted this claim despite the fact that every single transaction between the Parties began with Forge's provision of the price of goods and resulted in an agreed upon price for the goods subject to each transaction.

25. Nevertheless, since 2021, the matter has continued to be a point of contention and topic of discussion between the Parties.

26. During these ongoing discussions, Komaspec has repeatedly explained that, despite Forge's claims to the contrary, Forge was not overcharged from 2018 to 2021.

27. Forge has refused to accept any of these explanations.

28. At no point has Forge identified any defects or any other issues with the Komaspec goods that were shipped to, delivered to, and accepted by Forge, but for which Forge refuses to pay Komaspec.

29. On September 11, 2023, having failed to reach any resolution regarding the amounts due and owing, Komaspec issued a demand letter to Forge seeking payment by Forge in the amount of $110,447.85 by September 22, 2023.

30. On October 3, 2023, Forge responded to Komaspec's September 11, 2023 letter advising that it refused to pay the amount owed and that it was Forge, not Komaspec, that was due payment in the amount of at least $51,136.29.

31. Through counsel, the Parties have unsuccessfully attempted to negotiate this matter, but the Parties remain steadfast in their respective positions.

32. Given this clear impasse, Komaspec was forced to file the present lawsuit to collect from Forge the payment to which Komaspec is entitled.

## COUNT I
### (Breach of Contract – Invoice No. KMS_INV_0016767)

33. Komaspec incorporates the allegations in paragraphs 1-32 above.

34. Komaspec and Forge voluntarily entered into the valid, binding, and enforceable contract for Forge's purchase of goods under Invoice no. KMS_INV_0016767.

35. Invoice no. KMS_INV_0016767 is dated April 10, 2023 and required payment in the amount of $31,794.12 on or before June 10, 2023.

36. Forge made a partial payment in the amount of $6,308.95, but it has refused to make any further payments toward this invoice resulting in an outstanding balance of $25,485.17.

37. Komaspec at all times performed its contractual obligations under Invoice no. KMS_INV_0016767.

38. Forge breached its contract with Komaspec as to Invoice no. KMS_INV_0016767 by failing to pay Komaspec in full for the goods sold, delivered, and accepted.

39. As a direct and proximate result of Forge's breach of contract, Komaspec has been damaged.

## COUNT II
**(Breach of Contract – Invoice No. KMS_INV_0016864)**

40. Komaspec incorporates the allegations in paragraphs 1-39 above.

41. Komaspec and Forge voluntarily entered into the valid, binding, and enforceable contract for Forges purchase of goods under Invoice no. KMS_INV_0016864.

42. Invoice no. KMS_INV_0016864 is dated May 15, 2023, and required payment in the amount of $17,600.00 on or before June 29, 2023.

43. Komaspec at all times performed its contractual obligations under Invoice no. KMS_INV_0016864.

44. Forge breached its contract with Komaspec as to Invoice no. KMS_INV_0016864 by failing to pay Komaspec for the goods sold, delivered, and accepted.

45. As a direct and proximate result of Forge's breach of contract, Komaspec has been damaged.

## COUNT III
**(Breach of Contract – Invoice No. KMS_INV_0016910)**

46. Komaspec incorporates the allegations in paragraphs 1-45 above.

47. Komaspec and Forge voluntarily entered into the valid, binding, and enforceable contract for Forge's purchase of goods under Invoice no. KMS_INV_0016910.

48. Invoice no. KMS_INV_0016910 is dated June 1, 2023 and required payment in the amount of $768.00 on or before July 16, 2023.

49. Komaspec at all times performed its contractual obligations under Invoice no. KMS_INV_0016910.

50. Forge breached its contract with Komaspec as to Invoice no. KMS_INV_0016910 by failing to timely pay Komaspec for the goods sold, delivered, and accepted.

51. As a direct and proximate result of Forge's breach of contract, Komaspec has been damaged.

## COUNT IV
### (Breach of Contract – Invoice No. KMS_INV_0016924)

52. Komaspec incorporates the allegations in paragraphs 1-51 above.

53. Komaspec and Forge voluntarily entered into the valid, binding, and enforceable contract for Forge's purchase of goods under Invoice no. KMS_INV_0016924.

54. Invoice no. KMS_INV_0016924 is dated June 10, 2023, and required payment in the amount of $18,195.20 on or before July 25, 2023.

55. Komaspec at all times performed its contractual obligations under Invoice no. KMS_INV_0016924.

56. Forge breached its contract with Komaspec as to Invoice no. KMS_INV_0016924 by failing to timely pay Komaspec for the goods sold, delivered, and accepted.

57. As a direct and proximate result of Forge's breach of contract, Komaspec has been damaged.

## COUNT V
### (Breach of Contract – Invoice No. KMS_INV_0016963)

58. Komaspec incorporates the allegations in paragraphs 1-57 above.

59. Komaspec and Forge voluntarily entered into the valid, binding, and enforceable contract for Forge's purchase of goods under Invoice no. KMS_INV_0016963.

60. Invoice no. KMS_INV_0016963 is dated June 25, 2023 and required payment in the amount of $48,399.48 on or before August 9, 2023.

61. Komaspec at all times performed its contractual obligations under Invoice no. KMS_INV_0016963.

62. Forge breached its contract with Komaspec as to Invoice no. KMS_INV_0016963 by failing to timely pay Komaspec for the goods sold, delivered, and accepted.

63. As a direct and proximate result of Forge's breach of contract, Komaspec has been damaged.

## COUNT VI
**(Breach of Contract – The 2016 Agreement)**

64. Komaspec incorporates the allegations in paragraphs 1-63 above.

65. Komaspec and Forge voluntarily entered into the 2016 Agreement which is valid, binding, and enforceable concerning the application of interest to those amounts owed to Komaspec that Forge failed to timely pay.

66. Komaspec at all times performed its contractual obligations under the 2016 Agreement.

67. Since 2016, Forge has received Komaspec's continued timely performance and forbearance on its immediate collection of amounts due and owing to Komaspec for goods delivered on the basis of Komaspec's ability to charge the agreed upon interest.

68. Forge has breached the terms of the 2016 Agreement by unilaterally refusing to pay the interest charged on Forge's overdue payments.

69. As a direct and proximate result of Forge's breach of the 2016 Agreement, Komaspec has been damaged.

## COUNT VII
**(Breach of Covenant of Good Faith and Fair Dealing)**

70. Komaspec incorporates the allegations in paragraphs 1-69 above.

71. Komaspec and Forge voluntarily entered into multiple valid, binding, and enforceable contracts with each other using PO's concerning the aforementioned transactions.

72. Komaspec and Forge voluntarily entered into the 2016 Agreement which is a valid, binding, and enforceable contract for the application of interest to overdue payments.

73. Komaspec at all times performed its contractual obligations under all contractual agreements with Forge.

74. Forge breached its contracts with Komaspec by failing to timely pay Komaspec for the goods received.

75. Forge also breached these contracts by unilaterally refusing to pay the previously agreed upon interest on its overdue payments.

76. Instead, Forge manufactured an unsupported claim that it overpaid on goods over a multi-year period to unfairly and inappropriately refuse to comply with its valid, legal, and enforceable responsibilities under the contracts.

77. As a direct and proximate result of Forge's breaches of the contracts and its unfair and deceptive conduct, Komaspec has been damaged.

## COUNT VIII
**(Goods Sold and Delivered)**

78. Komaspec incorporates the allegations in paragraphs 1-77 above.

79. Komaspec performed its obligations to Forge in shipping and delivering to Forge the goods Forge ordered.

80. Forge accepted the goods it ordered from Komaspec.

81. The price of the goods ordered and accepted by Forge was clearly reflected upon the invoice for each order.

82. The due dates for the payment of these goods have passed.

83. Nevertheless, Forge has refused to pay Komaspec what Komaspec is owed for the goods sold, delivered, and accepted.

84. Forge owes Komaspec $110,447.85 for goods sold and delivered by Komaspec between April 10, 2023 and June 25, 2023, plus interest pursuant to the 2016 Agreement.

## COUNT IX
**(Unjust Enrichment)**

85. Komaspec incorporates the allegations in paragraphs 1-84 above.

86. Forge has benefited from its receipt and acceptance of Komaspec's goods and has failed or otherwise refused to pay Komaspec the agreed upon price of those goods in return for this benefit.

87. Under the circumstances, as set forth above, it would be inequitable for Forge to retain the benefit of Komaspec's goods without payment of the value thereof.

88. Therefore, Forge's failure to compensate Komaspec constitutes unjust enrichment and has damaged Komaspec.

**WHEREFORE**, Komaspec requests a judgment in favor of Komaspec against Forge for the following: (1) damages in the amount of $110,447.85; (2) prejudgment interest pursuant to the 2016 Agreement, or alternatively, R.I.G.L. § 9-21-10; (3) attorneys' fees pursuant to R.I.G.L. § 9-1-45; (4) costs; and (5) any further relief that this Court deems fair and just.

Plaintiff,
GUANGZHOU KOMASPEC MECHANICAL
AND ELECTRICAL PRODUCTS
MANUFACTURING CO. LTD.,
By its Attorneys,

/s/ William H. Wynne, IV
William H. Wynne, IV (#9020)
Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903
Tel: (401) 454-1127
Fax: (844) 277-6379
Email: wwynne@nixonpeabody.com
jbrenner@nixonepeabody.com

Dated: November 28, 2023

## VERIFICATION

I hereby certify that I am the Chief Executive Officer at Guangzhou Komaspec Mechanical and Electrical Products Manufacturing Co. Ltd., I have personal knowledge of the facts set forth in this Verified Complaint, I have read the Verified Complaint, know the contents thereof, and the allegations contained therein are true and correct to the best of my knowledge and information.

Signed this _____ day of November, 2023, under the pains and penalties of perjury.

Maxime Berube
Digitally signed by Maxime Berube
Date: 2023.11.20 21:11:30 +08'00'

_____
Maxime Berube
Chief Executive Officer
Guangzhou Komaspec Mechanical and
Electrical Products Manufacturing Co. Ltd.